**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VENKATA GHANTA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **1:15-cv-10839** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PEOPLES GAS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, VENKATA GHANTA, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against PEOPLES GAS, Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.    JURISDICTION & VENUE

2.     Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.     VENKATA GHANTA, (hereinafter, "Plaintiff") is an individual who currently resides in the City of Dallas, County of Dallas, State of Texas.

5.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

1

6.     PEOPLES GAS, (hereinafter, "Defendant") is a business entity that has its principal place of business located in the State of Illinois.

7.     At all relevant times, Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

## IV.  ALLEGATIONS

8.     At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9.     Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

10.    Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

11.    The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit with Defendant.  Specifically, Plaintiff asserts that he, at one time, received utility services from Defendant.  However, in or around June 2011, Plaintiff vacated the residence at which Defendant was providing service, and in or around June 2011, he closed his account with Defendant.  Notwithstanding the foregoing, without Plaintiff's knowledge, authority, or consent, Defendant opened a second account in Plaintiff's name in March 2012 for the same address at which Defendant had previously been providing service to Plaintiff.

2

12.    Further, Defendant has disseminated information that the account was delinquent in 2013, has an amount past due of $165, and has been charged off (hereinafter "the inaccurate information")

13.    The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

14.    Credit reports containing the inaccurate information have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

15.    Plaintiff is the victim of identity theft.

16.    In or around April 2015, Plaintiff disputed the inaccurate information with Equifax Information Services, Inc (hereinafter, "Equifax"), and Trans Union, LLC (hereinafter, "Trans Union) by written communication to their respective representatives and by following the aforementioned reporting agencies' established procedures for disputing consumer credit information.

17.    Furthermore, Plaintiff enclosed documents and other information with his dispute to the credit reporting agencies that either proved that the disputed information contained within his credit reports was inaccurate or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

18.    In addition, Plaintiff has disputed on multiple occasions directly to Defendant and has submitted documentation to support his assertion that the account being reported by Defendant is not his account, that he is the victim of identity theft, and that he vacated the premises and closed his account with Defendant in 2011.

3

19.     In addition, Plaintiff has submitted directly to Defendant an FTC Identity Theft Victim's Complaint and Affidavit and a police report.

20.     Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Equifax, Equifax notified Defendant that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

21.     Defendant received notification from Equifax that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

22.     Upon information and belief, Defendant received from Equifax, notice of Plaintiff's dispute by an Automated Consumer Dispute Verification Notice.

23.     Upon information and belief, Defendant received from Equifax additional information and documentation that Equifax had received from Plaintiff relative to and in support of Plaintiff's dispute.

24.     Defendant then and there owed Plaintiff a duty to assist the Equifax in a re-investigation into the disputed information being reported about Plaintiff by Defendant.

25.     Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union, Trans Union notified Defendant that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

26.     Defendant received notification from Trans Union that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

27.     Upon information and belief, Defendant received from Trans Union, notice of Plaintiff's dispute by an Automated Consumer Dispute Verification Notice.

28.     Upon information and belief, Defendant received from Trans Union additional information and documentation that Trans Union had received from Plaintiff relative to and in support of Plaintiff's dispute.

29.     Defendant then and there owed Plaintiff a duty to assist Trans Union in a re-investigation into the disputed information being reported about Plaintiff by Defendant.

30.     Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued to publish and disseminate such inaccurate information to various credit reporting agencies.

31.     Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable re-investigations of the above dispute as required by the FCRA, has failed to remove and/or correct the inaccurate information, has failed to note the disputed status of the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

32.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a.  Denial of credit;Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    b.  Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    c.  Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

    d.  Decreased credit score which may result in inability to obtain credit on future attempts.

33.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

34.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

35.     Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a.  Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b.  Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

    c.  Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d.  Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e.  Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    f.  Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

36.      Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## V.     JURY DEMAND

37.     Plaintiff hereby demands a trial by jury on all issues so triable.

6

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, VENKATA GHANTA, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.    All actual compensatory damages suffered;

b.    Statutory damages of $1,000.00;

c.    Punitive damages;

d.    Plaintiff's attorneys' fees and costs; and,

e.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**VENKATA GHANTA**


By: ___s/ David M. Marco_____
Attorney for Plaintiff


Dated: December 2, 2015

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:        dmarco@smithmarco.com